**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMTRUST NORTH AMERICA, INC. and WESCO INSURANCE COMPANY <br><br>                                         Plaintiffs, <br><br>      -against- <br><br><br> MEMBER INSURANCE AGENCY, INC., <br><br>                                       Defendant. | Civil Action No.:  1:20-cv-3528 |

## <u>STIPULATED ORDER CONCERNING</u><br><u>THE PRODUCTION OF CONFIDENTIAL INFORMATION</u>

**WHEREAS**, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

1.     Any data, documents, and information marked or identified as "CONFIDENTIAL" shall be used by a receiving party only in connection with the litigation of this matter and for no other purpose except as may be required by law.

2.     Data, documents, and information marked or identified as "CONFIDENTIAL" shall not be revealed or disclosed except to:

a.     Counsel of record in the this matter, and necessary clerical and support staff employed by counsel of record, provided that, before disclosure of the CONFIDENTIAL data, documents, and information to counsel of record in this matter or its necessary clerical and support staff, such counsel of record shall agree to keep such CONFIDENTIAL data, documents, and information confidential in accordance with the terms of this Order;

b.     The parties to this matter and any employees, former employees, or agents thereof, provided that, before disclosure of the CONFIDENTIAL data, documents, and information to any employees, former employees, or agents, such employees, former employees, or agents shall agree to be bound by this Confidentiality Agreement and shall be counseled not to reveal confidential data, documents, and information outside of this matter; and

c.     Persons consulted for the purpose of providing expert or technical services in connection with this matter, provided that, before disclosure of the CONFIDENTIAL data, documents, and information to said persons, shall agree to be bound by this Confidentiality Agreement, and shall be counseled not to reveal confidential data, documents, and information outside of this matter.

3.     If any receiving party disagrees with the designation of certain data, documents, or information, the receiving party shall object to the designation.  Any party who wishes to object to the designation shall serve written objections (including a statement of the legal or

factual basis for the objection) on counsel for the other party and request a conference to resolve the matter.  The parties shall make a good faith effort to resolve the dispute.

4.      Within 90 days of the conclusion of this matter, all data, documents, and information, and any copies thereof, marked "CONFIDENTIAL" under this Confidentiality Agreement shall be destroyed or returned to the producing party.

5.      Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used only for purposes related to this matter.  Nothing in this Order shall prevent the use of any document or other material that is marked "CONFIDENTIAL," or the contents thereof, at any discovery deposition taken in this action, subject to the provisions  below.

6.      Testimony given at any deposition may be designated by any party as CONFIDENTIAL by stating on the record during the deposition that the testimony is Confidential. If such designation is not made at the time of the deposition, any transcript or any portion thereof, that contains Confidential Information shall be designated as such no later than thirty (30) business days after the date of receipt of the deposition transcript by the designating party or his/her counsel. The parties agree to treat deposition transcripts containing confidential information as Confidential during the pendency of the aforementioned time period for designation. The designation of the transcript, or portion thereof, shall be in writing served on all pat1ies.

7.      Within sixty (60) days after the conclusion of this action and any appeals therefrom, all originals and copies of documents marked "CONFIDENTIAL" shall be destroyed or returned to the party's counsel that produced such documents.

8.      If any party wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, she or he must provide reasonable notice to the party that produced the document or material. If a party objects to the information being used as evidence in the case, the aggrieved party shall present the issue to the Court for resolution before the document or material at issue is filed or used as an exhibit at a hearing or trial.  The proponent of continued confidentiality will have the burden of proving that the document or material should be withheld from the public record.

Dated: Charlottesville, Virginia
       November 13, 2020

SMITH BAIN MANUEL & HORVATH LLP

By:
Elisabeth L. Manuel
455 Second Street SE, Suite 402
Charlottesville, VA 22902
Telephone:  (434) 293-1200
Fax:  (434) 293-2135
Email:  bmanuel@smithbain.com

*Attorneys for Plaintiffs AmTrust North America, Inc. And Wesco Insurance Company, Inc.*

GERBER CIANO KELLY BRADY LLP

By:
Brian R. Biggie
350 Main Street
Buffalo, NY 14202
Telephone: (716) 313-2195
bbiggie@gerberciano.com

*Attorneys for Defendant Member Insurance Agency, Inc.*

4

LAW OFFICE OF DENNIS O. COHEN,
PLLC

By:
Dennis O. Cohen
157 13th Street
Brooklyn, NY 11215
(646) 859-8855
dennis@denniscohenlaw.com

*Attorneys for Plaintiffs AmTrust North
America, Inc. and Wesco Insurance
Company, Inc.*

IT IS SO ORDERED

Dated: ___November 16, 2020___

Vernon S. Broderick
United States District Judge